In Care of:
Federal Correctional Institution
9595 West Quincy Avenue
Littleton, CO 80123
Terry-Le Roy: Cassidy
In Propria Persona Sui Juris

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 14 2006

at 4 o'clock and 30 min P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case # CR-02-00133-ER |
| ) | |
| Plaintiff, ) | NOTICE OF MOTION |
| ) | OF ENTRY OF DEFAULT |
| vs. ) | FRCivP Rule 55(a) |
| ) | |
| TERRY LEROY CASSIDY, ) | BY THE CLERK OF THE COURT |
| ) | |
| Defendant. ) | SPECIAL VISITATION |

NOTICE OF MOTION
OF ENTRY OF DEFAULT PER FRCivP RULE 55 (a)

COMES NOW, Terry-Le Roy: Cassidy, In Propria Persona Sui Juris, by and on behalf of the defendant debtor, TERRY LEROY CASSIDY, and moves the clerk of the court to enter the Plaintiff's default in accordance with Fed. Civ. Rule 55(a);

and to further give a photo-copy of this notice to all parties of interest.

This entry of default is for the Plaintiff's failure to defend the Motion to Vacate, because the Judgement is Void ab initio, for the Plaintiff's lack of territorial jurisdiction, per Fed. R. Civ. P. Rule 60(b).

Dated: June 7, 2006

All Rights Reserved Without Prejudice
under UCC 1-207

by: _Terry Leroy Cassidy, Agent_
Terry Le Roy: Cassidy, Sui Juris
Authorized Representative of:
TERRY LEROY CASSIDY

(1)

Notice

In Care of:
Federal Correctional Institution
9595 West Quincy Avenue
Littleton, CO 80123
Terry-Le Roy: Cassidy
In Propria Persona Sui Juris


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case # CR 02-00133-ER |
| | ) | |
| Plaintiff, | ) | MOTION OF ENTRY OF DEFAULT |
| | ) | FRCivP Rule 55(a) |
| vs. | ) | |
| | ) | SPECIAL VISITATION |
| TERRY LEROY CASSIDY, | ) | |
| | ) | |
| Defendant. | ) | |

ENTRY OF DEFAULT/ FRCivP RULE 55(a)

COMES NOW, Terry-Le Roy: Cassidy, In Propria Persona Sui Juris, by and on behalf of the defendant debtor, TERRY LEROY CASSIDY, and moves for an entry of default against the Plaintiff, for the Plaintiff's failure to defend against a Rule 60(b) Motion to Vacate, for lack of "territorial jurisdiction" in the above cited case, rendering the Judgement Void ab initio.

Jurisdiction can be challenged at any stage of the proceeding. See U.S. v. Anderson, 60 F.Supp. 649 (DCUS Wash. 1945). Therefore, the challenge to "territorial jurisdiction" in this instance was timely, and the Plaintiff has failed to respond.

Use of the "entry of default" and "default judgement" not only provides the trial court with significant tools for enforcing compliance with the rules of procedure, thereby encouraging orderly and efficient judicial system, but also serves to protect diligent parties who have acted expeditiously

(1)
Motion for Entry of Default

and in accordance with the rules. See <u>Chandler Leasing Corp. v. UCC, Inc.</u> (1981, N.D. Ill) 91 FRD 81, 32 FR Serv 2d 1007.

Plaintiff is to take NOTICE that the Court has the discretion to enter a "default judgement" upon the United States if the claimant establishes a claim of right to relief by evidence satisfactory to the Court. See Fed. R. Civ. P. Rule 55(e).

Defendant alleges he is being prejudiced in the extreme by the Plaintiff's failure to respond/defend. The defendant alleges lack of "territorial jurisdiction", which if proven true, his incarceration is without merit, and he is wrongfully imprisoned. Each day the Plaintiff fails to respond or defend is a constitutional violation upon the defendant's liberty and freedom. The Plaintiff should be commanded by the Court to respond/defend, or in the alternative dismiss the charges for lack of jurisdiction and immediately release the defendant. To respond/defend, the Plaintiff is required to rebut the "Commercial Affidavit" point for point, under the penalty of perjury, making the rebuttal credible, this affidavit is part of the 60(b) Motion.

If the Plaintiff fails to comply/respond/defend, the court for good cause shown (no territorial jurisdiction established upon the record), can set aside the Judgement in accordance with Rule 60(b) as described in Rule 55(c).

Plaintiff, after entry of default, for good cause shown, may move to set aside entry of default pursuant to Rule 55(c)

If Plaintiff fails to move to set aside entry of default, default judgement may be entered against an agency of the United States, if defendant's claims are meritorious, and agency is negligent, and is causing prejudicial delay. See <u>Bostic v. Harris</u>, (1979 SD W Va) 484 F.Supp. 686, 29 FR Serv 2d 232.

(2)

Motion for Entry of Default

The defendant will move for a default judgement if the Plaintiff fails to respond/defend in 20 days after the entry of default. The only credible method of responding/defending begins with the point for point rebuttal of the affidavit attached to the 60(b) Motion. With such a rebuttal, let all parties of interest take NOTICE, that an unrebutted affidavit stands as truth and judgement.

## DECLARATION

I swear under the pains and penalties of perjury, the foregoing statements are true, correct and complete, and stated to the best of my first-hand knowledge, under the laws of the United States of America, without the United States, so help me God.

Dated: *June 7, 2006*

All Rights Reserved Without Prejudice under UCC 1-207

by: *Terry LeRoy Cassidy, Agent*
Terry Le Roy: Cassidy, Sui Juris
Authorized Representative of:
TERRY LEROY CASSIDY

(3)

Motion of Entry of Default